UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Felix Perez</u>

    v.                               Civil No. 10-cv-402-JD

<u>United States of America</u>

<u>O R D E R</u>

Felix Perez, proceeding pro se, seeks relief, pursuant to 28 U.S.C. § 2255, from his conviction and sentence entered in this court.[1] In his application, Perez states only that he believes that he is being held unlawfully because of his lawyer's actions and that his lawyer did not help him because he failed to file motions challenging the backgrounds of the cooperating witnesses in his case. The court construes Perez to raise ineffective assistance of counsel as the basis of his application.

Perez pled guilty to several drug crimes and was sentenced to 204 months with four years of supervised release. Judgment entered on November 25, 2008. Perez filed an untimely notice of appeal on February 25, 2009, raising claims of ineffective

---

[1] Perez filed a form "Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence" in the First Circuit Court of Appeals on September 1, 2010. Because Perez had not filed a first application, the First Circuit transferred the case to this court.

assistance of counsel.  On August 13, 2009, the First Circuit dismissed Perez's appeal as untimely filed.[2]

"To succeed on a claim of ineffective assistance of counsel under the Sixth Amendment, [an applicant] must show both deficient performance of counsel and resulting prejudice." Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010). Deficient performance is representation below an objective standard of reasonableness.  Id.  Prejudice is established if the applicant can show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 694 (1984).

In this case, Perez pled guilty pursuant to a plea agreement.  He has not raised any issue specifically pertaining to his guilty plea.  Nothing during his change of plea hearing suggested any problem or discord with his counsel.

To the contrary, Perez stated that he had had enough time to talk with his counsel, that he had told his counsel everything he knew about the case, and that he was satisfied with the representation his counsel had provided.  Perez signed the plea

---

[2] Arguably, Perez's application for § 2255 relief was filed more than a year after the final judgment in his criminal case, making the application untimely under § 2255(f).  See United States v. Plascencia, 537 F.3d 385, 388-90 (5th Cir. 2008).

agreement freely and voluntarily after reviewing it with his counsel.  He also answered that no one had done or said anything to force him or to threaten him into the guilty plea.  In addition, he had no questions.

At the sentencing hearing, Perez stated that he had signed the addendum to the plea agreement freely and voluntarily.  The court reviewed the changes to the plea agreement with Perez and he acknowledged his understanding of the terms of the agreement. Perez stated that no one forced him or threatened him to sign the addendum to the agreement.

Perez's unsupported statements in his application, that he is incarcerated because of his lawyer's actions, that his lawyer did not help him, and that his lawyer failed to challenge the backgrounds of the cooperating witnesses, do not even suggest either objectively unreasonable representation or a probability that but for ineffective assistance the result in the criminal case would have been different.  In light of his guilty plea, his general claim that the backgrounds of cooperating witnesses should have been challenged, without more, does not give rise to any implication that his counsel was ineffective.  Further, the record in his criminal case shows conclusively that he is not entitled to relief, pursuant to § 2255, on the grounds of

ineffective assistance of counsel. That being the case, notice will not be served on the United States attorney. See § 2255(b).

## Conclusion

For the foregoing reasons, the application for § 2255 relief (document no. 1) is denied.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

September 16, 2010

cc: Felix A. Perez, pro se